| | CIVIL MINUTES – GENERAL | 'O' JS-6 | |
|---|---|---|---|
| Case No. | 2:17-cv-02984-CAS (AFMx) | Date | August 21, 2017 |
| Title | SMITH-EMERY COMPANY ET AL. V. INTERNATIONAL UNION OF OPERATING ENGINEERS, LOCAL UNION NO. 12 ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | |
|---|---|---|
| Catherine Jeang | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:** (IN CHAMBERS) - TRUSTEES' MOTION TO DISMISS (Filed April 27, 2017, dkt. 14)

LOCAL 12'S MOTION TO DISMISS (Filed April 27, 2017, dkt. 17)

## I.    INTRODUCTION

On July 10, 2015, Smith-Emery Company ("SEC") initiated this action in the Los Angeles County Superior Court by filing a complaint against the International Union of Operating Engineers, Local Union No. 12 ("Local 12") alleging a single claim for intentional misrepresentation and fraud. See Smith-Emery Co. v. Int'l Union of Operating Eng., Local Union No. 12, 2:15-cv-06367-CAS-AFM, dkt. 1-1[1]. On August 20, 2015, Local 12 removed the action to federal court. Id. dkt. 1. On September 14, 2015, plaintiff filed a motion to remand the action to state court for lack of subject matter jurisdiction. Id. dkt. 9. On October 15, 2015, the Court denied plaintiff's motion to remand. Id. dkt. 18.

---

[1] This action was previously assigned case number 2:15-cv-6367-CAS-AFM. However, that docket was closed after the then-operative complaint was remanded. When this matter was removed to federal court a second time, it was assigned a new case number, 2:17-2984-CAS-AFM. The above-captioned motions and operative complaint appear in the docket for case number 2:17-2984-CAS-AFM. For purposes of this order, the Court cites matters in the original federal docket using the phrase "Prior Dkt. [no.]" and cites matters in the newer docket as "Dkt. [no.]"

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | | | |
|---|---|---|---|
| | **CIVIL MINUTES – GENERAL** | **'O'** | **JS-6** |
| Case No. | 2:17-cv-02984-CAS (AFMx) | Date | August 21, 2017 |
| Title | SMITH-EMERY COMPANY ET AL. V. INTERNATIONAL UNION OF OPERATING ENGINEERS, LOCAL UNION NO. 12 ET AL. | | |

On November 16, 2015, the Court dismissed SEC's complaint without prejudice, concluding that its sole claim was preempted by Section 301 of the Labor Management Relations Act ("LMRA") because resolution of the claim would likely require the Court "to interpret an existing provision of a [collective bargaining agreement ('CBA')] that can reasonably be said to be relevant to the resolution of the dispute." Id. dkt. 22 (quoting Cramer v. Consolidated Freightways, Inc., 255 F.3d 683, 693 (9th Cir. 2001) (en banc), cert. denied 534 U.S. 1078 (2002)).

On December 14, 2015, SEC filed a First Amended Complaint ("FAC") alleging a single claim for intentional misrepresentation and fraud by Local 12. Id. dkt. 23. Following a hearing on Local 12's renewed motion to dismiss, on February 22, 2016, the Court stayed proceedings pending a decision from the Ninth Circuit regarding SEC's petition for panel rehearing of the Ninth Circuit's December 16, 2015 Memorandum Disposition in a related case, first filed in 2009, Trustees of the Operating Engineers Pension Trust, et al. v. Smith-Emery Company, case nos. 13-56708 and 13-56830 (no. 2:09-cv-01476-CAS in this Court) (the "2009 action"). Id. dkt. 38. On March 23, 2016, the Ninth Circuit denied Smith-Emery's petition for panel rehearing in the 2009 action. Id. dkt. 40.

On May 16, 2016, the Court, without reaching the merits of Local 12's pending motion to dismiss, concluded that SEC's claim was not preempted by Section 301 and remanded this action to Los Angeles County Superior Court for lack of jurisdiction. Id. dkt. 42.

On March 17, 2017, SEC and Smith-Emery Laboratories, Inc. ("SEL") (collectively "Smith-Emery") filed the operative Second Amended Complaint ("SAC") in Los Angeles County Superior Court. In addition to adding a new plaintiff, the SAC adds new defendants and claims. The SAC alleges claims against Local 12 and the Trustees of four fringe benefit trust funds, namely, Trustees of the Operating Engineers Pension Trust, Trustees of the Operating Engineers Health and Welfare Fund, Trustees of the Operating Engineers Vacation Holiday Savings Trust, and Trustees of the Operating Engineers Training Trust (collectively "Trustees"). Dkt. 1-1 ("SAC"). The SAC alleges the following claims: (1) SEC alleges fraud by Local 12; (2) SEC alleges intentional interference with prospective business advantage by Local 12; (3) SEC alleges intentional

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O'  JS-6 |
|---|---|---|---|
| Case No. | 2:17-cv-02984-CAS (AFMx) | Date | August 21, 2017 |
| Title | SMITH-EMERY COMPANY ET AL. V. INTERNATIONAL UNION OF OPERATING ENGINEERS, LOCAL UNION NO. 12 ET AL. | | |

interference with contract by Local 12 and Trustees; and (4) SEL alleges intentional interference with prospective business advantage by Trustees.

On April 20, 2017, defendants removed this action to federal court asserting that it arises under Section 301 of the LMRA. Dkt. 1.

On April 27, 2017, Trustees and Local 12 each filed a motion to dismiss. Dkt. 14 ("Trustees Motion"); dkt. 17. On May 15, 2017, Smith-Emery filed an opposition to each motion to dismiss. Dkt. 20; dkt. 22. On July 31, 2017, Trustees and Local 12 filed replies. Dkt. 29; dkt. 30.

Having carefully considered the parties' arguments, the Court rules as follows.

## II. BACKGROUND

The SAC alleges the following.

SEC is an inspection agency that employs various building construction inspectors. SAC ¶ 8. Local 12 is a labor union that includes building inspectors employed by SEC. Id. ¶ 3. SEC makes payments to four trusts for its inspectors: (1) the Operating Engineers Pension Trust, (2) the Operating Engineers Health and Welfare Fund, (3) the Operating Engineers Vacation-Holiday Savings Trust, and (4) the Operating Engineers Training Trust (collectively the "Trusts"). Id. ¶ 10.

### A. SEC's Claim for Fraud by Local 12

SEC's first claim for relief is predicated upon the following allegations. The Trusts are allowed to audit SEC's compliance with its trust-payment obligations. Id. ¶ 11. SEC alleges that, at an unspecified time, "Mr. Billy,"[2] a business agent for Local 12

---

[2] The SAC does not state his full name and refers to him only as "Mr. Billy." The Court refers to "Mr. Billy" as Billy.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O'   JS-6 |
|---|---|---|---|
| Case No. | 2:17-cv-02984-CAS (AFMx) | Date | August 21, 2017 |
| Title | SMITH-EMERY COMPANY ET AL. V. INTERNATIONAL UNION OF OPERATING ENGINEERS, LOCAL UNION NO. 12 ET AL. | | |

and trustee for the Trusts, instructed "Mr. Babel,"[3] one of Trustees' employees, to "stray from his established [audit] procedures" by examining the following during an audit of SEC:

a. Individuals who are not employed by [SEC],
b. Individuals who are not on the [SEC] payroll,
c. Individuals who are not licensed building inspectors,
d. Individuals who did not perform and have not performed building inspection,
e. Individuals who are not members of the Local 12 Union,
f. Payrolls of the non-union entity [SEL], and,
g. Testing activities on hospital construction which [SEC] inspectors cannot legally perform.

Id. ¶ 14. SEC alleges that Billy intended for his instructions to be acted upon and for Trustees to institute legal action against SEC for delinquent benefits "which [SEC] is not obligated to pay." Id. ¶ 15. SEC alleges that the foregoing instruction was a "fraud and misrepresentation" carried out "with a conscious disregard of the rights of [SEC]." Id. ¶ 18. Local 12's alleged misrepresentation to the Trusts and the Trusts' reliance caused the Trustees, in 2009, to file a legal action against SEC. Id. ¶¶ 11, 17; see generally 2009 Action.

### B. SEC's Second Claim for Intentional Interference with Prospective Business Advantage by Local 12

SEC's second claim for relief is predicated upon the following allegations. At an unspecified time, SEC and J.H. Snyder Company entered into an agreement whereby SEC would perform inspection services for a construction project known as "Hollywood 959." SAC ¶ 20. SEC alleges that Local 12 "falsely represented to J.H. Snyder Company at the project at the main entry gate [sic] and the pedestrian entrance gate that

---

[3] As with Billy, the SAC does not provide a full name. The Court refers to "Mr. Babel" as Babel.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | | | | |
|---|---|---|---|---|
| | **CIVIL MINUTES – GENERAL** | | **'O'** | **JS-6** |
| Case No. | 2:17-cv-02984-CAS (AFMx) | Date | August 21, 2017 | |
| Title | SMITH-EMERY COMPANY ET AL. V. INTERNATIONAL UNION OF OPERATING ENGINEERS, LOCAL UNION NO. 12 ET AL. | | | |

[SEC] had no Union contract."[4] Id. ¶ 21. SEC alleges that Local 12 knew its representation to J.H. Snyder Company was false and intended to cause J.H. Snyder Company to terminate its business relationship with SEC. Id. On June 20, 2014, SEC alleges that Local 12's misrepresentations to J.H. Snyder Company caused J.H. Snyder Company to terminate its contract with SEC. Id. ¶ 22.

## C. SEC's Third Claim for Intentional Interference with Contract by Local 12 and Trustees

SEC's third claim for relief is predicated upon the following allegations. On July 14, 2014, SEC and Greenland USA entered into two written contracts whereby SEC would provide inspection services for construction of a hotel and residences downtown (the "Metropolis project"). Id. ¶ 27. Local 12 allegedly knew of the contracts between Greenland USA and SEC and, on or about September 30, 2014, Local 12's business manager, William Waggoner, threatened to interfere with the foregoing contracts unless SEC signed a Master Labor Agreement with Local 12. Id. ¶ 29. Thereafter, SEC learned that Local 12 "was blocking commencement" of the Metropolis project until SEC signed the Master Labor Agreement. Id. ¶ 30. Greenland USA informed SEC that Local 12 was refusing to execute the "Project Labor Agreement" negotiated between Greenland USA and the Southern California Building Trades Council, without which construction could not commence. Id. ¶ 31. SEC alleges that Local 12 intended to disrupt the performance of SEC's Metropolis project contracts and that Local 12's refusal to sign the Project Labor Agreement prevented SEC from performing its contracts. Id. ¶¶ 32, 33.

On or about February 25, 2015, after the Metropolis project commenced, Waggoner allegedly gave SEC a memorandum from Joseph R. Ehrbar, a Trusts employee, stating that SEC was delinquent in its contributions to the Trusts. Id. ¶ 34. SEC alleges that the memorandum was false and that Waggoner delivered it to Greenland USA's project site in order to disrupt the contractual relationship between SEC and Greenland USA. Id. ¶ 35. Ultimately, Greenland USA terminated a pending contract with SEC for the Metropolis project. Id. ¶ 36.

---

[4] A subsequent letter from J.H. Snyder Company is attached to the SAC and incorporated by reference. SAC Ex. B. The letter states that Local 12 was picketing the Hollywood 959 project with signs stating "Smith Emery Company No Contract." Id.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O'  JS-6 |
|---|---|---|---|
| Case No. | 2:17-cv-02984-CAS (AFMx) | Date | August 21, 2017 |
| Title | SMITH-EMERY COMPANY ET AL. V. INTERNATIONAL UNION OF OPERATING ENGINEERS, LOCAL UNION NO. 12 ET AL. | | |

### D. SEL's Claim for Intentional Interference with Prospective Business Advantage by Trustees

SEL is a corporation that performs testing on construction of schools and hospitals. Id. ¶ 2. SEL's claim is predicated upon the following allegations.

SEL alleges that it "has enjoyed an ongoing contractual relationship with the Los Angeles Unified School District [('LAUSD')] for decades." Id. ¶ 41. SEL is not a signatory to any union labor contract. Id. ¶¶ 2, 42. On or about January 30, 2014, Trustees served a Writ of Attachment on LAUSD for revenues allegedly belonging to SEL. Id. ¶ 43. The judgment for which Trustees sought collection was an August 30, 2013 judgment issued by this Court in the 2009 Action. Id. ¶ 43 & Ex. G at 12-13. As a result of the Writ of Attachment, LAUSD withheld payments to SEL. Id. ¶ 43. SEL alleges that Trustees' Writ of Attachment was an intentional act designed to interfere with SEL's relationship to LAUSD. Id. ¶ 44. LAUSD ceased doing business with SEL. Id. ¶ 45.

## III. LEGAL STANDARDS

A motion pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the claims asserted in a complaint. Under this Rule, a district court properly dismisses a claim if "there is a 'lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory.' " Conservation Force v. Salazar, 646 F.3d 1240, 1242 (9th Cir. 2011) (quoting Balisteri v. Pacifica Polic Dep't, 901 F.2d 696, 699 (9th Cir. 1988)). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). "[F]actual allegations must be enough to raise a right to relief above the speculative level." Id.

In considering a motion pursuant to Rule 12(b)(6), a court must accept as true all material allegations in the complaint, as well as all reasonable inferences to be drawn from them. Pareto v. FDIC, 139 F.3d 696, 699 (9th Cir. 1998). The complaint must be read in the light most favorable to the nonmoving party. Sprewell v. Golden State

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | **CIVIL MINUTES – GENERAL** | | **'O'** | **JS-6** |
|---|---|---|---|---|
| Case No. | 2:17-cv-02984-CAS (AFMx) | Date | August 21, 2017 | |
| Title | SMITH-EMERY COMPANY ET AL. V. INTERNATIONAL UNION OF OPERATING ENGINEERS, LOCAL UNION NO. 12 ET AL. | | | |

Warriors, 266 F.3d 979, 988 (9th Cir. 2001); Parks Sch. of Bus., Inc. v. Symington, 51 F.3d 1480, 1484 (9th Cir. 1995). However, "[w]hile legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009); Moss v. United States Secret Service, 572 F.3d 962, 969 (9th Cir. 2009) ("[F]or a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." (citing Twombly and Iqbal)). Ultimately, "[d]etermining whether a complaint states a plausible claim for relief will ... be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 556 U.S. at 679.

Unless a court converts a Rule 12(b)(6) motion into a motion for summary judgment, a court cannot consider material outside of the complaint (e.g., facts presented in briefs, affidavits, or discovery materials). In re American Cont'l Corp./Lincoln Sav. & Loan Sec. Litig., 102 F.3d 1524, 1537 (9th Cir. 1996), rev'd on other grounds sub nom Lexecon, Inc. v. Milberg Weiss Bershad Hynes & Lerach, 523 U.S. 26 (1998). A court may, however, consider exhibits submitted with or alleged in the complaint and matters that may be judicially noticed pursuant to Federal Rule of Evidence 201. In re Silicon Graphics Inc. Sec. Litig., 183 F.3d 970, 986 (9th Cir. 1999); Lee v. City of Los Angeles, 250 F.3d 668, 689 (9th Cir. 2001).

## IV. DISCUSSION

In an action arising under section 301 of the Labor Management Relations Act, federal substantive law preempts state law in order to further the interest in uniform federal interpretation of collective bargaining agreements. Allis-Chalmers Corp. v. Lueck, 471 U.S. 202, 209 (1985) ("[D]imensions of § 301 require the conclusion that substantive principles of federal labor law must be paramount in the area covered by the statute [so that] issues raised in suits of a kind covered by § 301 [are] to be decided according to the precepts of federal labor law policy.") (citing Teamsters v. Lucas Flour Co., 369 U.S. 95, 103 (1962)). Accordingly, section 301's preemptive force "has been broadly construed to cover most state law actions that require interpretation of labor agreements." Aguilera v. Pirelli Armstrong Tire Corp., 223 F.3d 1010, 1016 (9th Cir. 2000). "Such an analysis furthers the purpose of section 301 preemption doctrine 'that federal law will be the basis for interpreting collective-bargaining agreements,' while

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O'  JS-6 |
|---|---|---|---|
| Case No. | 2:17-cv-02984-CAS (AFMx) | Date | August 21, 2017 |
| Title | SMITH-EMERY COMPANY ET AL. V. INTERNATIONAL UNION OF OPERATING ENGINEERS, LOCAL UNION NO. 12 ET AL. | | |

leaving undisturbed 'the substantive rights a State may provide to workers when adjudication of those rights does not depend upon the interpretation of such agreements.'" Milne Employees Ass'n v. Sun Carriers, 960 F.2d 1401, 1408 (9th Cir. 1991) (quoting Lingle v. Norge Div. of Magic Chef, Inc., 486 U.S. 399, 409 (1988)).

Defendants argue that the first, third, and fourth claims are preempted by Section 301 and should therefore be dismissed. However, the Court concludes herein that *none* of plaintiffs' claims is preempted and that this matter must be remanded to state court.[5] See Marin Gen. Hosp. v. Modesto & Empire Traction Co., 581 F.3d 941, 951 (9th Cir.2009) ("Because the [plaintiff's] claims are not completely preempted, there is no federal question removal jurisdiction under 28 U.S.C. § 1441(a), and the district court should have remanded to the state court for the [plaintiff's] suit to proceed.").

### A.  The Legal Standard Governing Preemption

The Supreme Court has articulated a two-step inquiry for determining whether a state law claim is preempted under section 301. Lueck, 471 U.S. at 212-13 (1985); see also Burnside v. Kiewit Pacific Corp., 491 F.3d 1053, 1059 (9th Cir. 2007). The first inquiry involves determining "whether the asserted cause of action involves a right conferred upon an employee by virtue of state law, [and] not by a [collective bargaining agreement]." Burnside, 491 F.3d at 1059. "If the right exists solely as a result of the [collective bargaining agreement], then the claim is preempted, and our analysis ends there." Id. (citing Lueck, 471 U.S. at 212). Thus, the Court must first evaluate whether the right asserted in SEC's claims is conferred by state law or by a collective bargaining

---

[5] The Court has a sua sponte obligation to confirm that it has subject matter jurisdiction. Nevada v. Bank of Am. Corp., 672 F.3d 661, 673 (9th Cir. 2012) ("[I]t is well established that 'a court may raise the question of subject matter jurisdiction, sua sponte, at any time during the pendency of the action . . . .'" (quoting Snell v. Cleveland, Inc., 316 F.3d 822, 826 (9th Cir. 2002)); see also Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). Defendants' notice of removal states that this Court's jurisdiction is predicated upon section 301 preemption. See dkt. 1. Thus, if the Court finds that none of plaintiffs' state law claims are completely preempted, this action must be remanded.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | | | | |
|---|---|---|---|---|
| | **CIVIL MINUTES – GENERAL** | | 'O'  JS-6 | |
| Case No. | 2:17-cv-02984-CAS (AFMx) | | Date | August 21, 2017 |
| Title | SMITH-EMERY COMPANY ET AL. V. INTERNATIONAL UNION OF OPERATING ENGINEERS, LOCAL UNION NO. 12 ET AL. | | | |

agreement. During the first step of the inquiry, the Court must consider the "*legal* character of a claim, as 'independent' of rights under the collective-bargaining agreement [and] not whether a grievance arising from 'precisely the same set of facts' could be pursued." Burnside, 491 F.3d at 1060 (citation omitted) (emphasis in original). "A claim brought in state court on the basis of a state-law right that is 'independent of rights under the collective-bargaining agreement,' will not be preempted, even if 'a grievance arising from "precisely the same set of facts" could be pursued.'" Valles v. Ivy Hill Corp., 410 F.3d 1071, 1076 (9th Cir. 2005) (quoting Livadas v. Bradshaw, 512 U.S. 107, 123 (1994)).

If the right exists independently of the collective bargaining agreement, then the Court proceeds to the second step of the inquiry. Under the second inquiry, if resolution of a state law claim requires an interpretation of the terms of a collective bargaining agreement, then the claim is substantially dependent upon the collective bargaining agreement and is therefore preempted under section 301. Burnside, 491 F.3d at 1060; Cramer v. Consolidated Freightways, Inc., 255 F.3d 683, 693 (9th Cir. 2001), cert. denied 534 U.S. 1078 (2002). On the other hand, if the "meaning of contract terms is not the subject of dispute, the bare fact that a collective bargaining agreement will be consulted in the course of the state-law litigation" does not result in preemption. Livadas, 512 U.S. at 124. Ultimately, "[t]he plaintiff's claim is the touchstone for this analysis; the need to interpret the CBA must inhere in the nature of the plaintiff's claim." Cramer, 255 F.3d at 691. Specifically, the court must consider "whether the claim can be resolved by 'look[ing] to' versus interpreting the CBA. If the latter, the claim is preempted; if the former, it is not." Burnside, 491 F.3d at 1060 (internal citations omitted) (alteration in original); see also Cramer, 255 F.3d at 691-92 ("[A]lleging a hypothetical connection between the claim and the terms of the CBA is not enough to preempt the claim: adjudication of the claim must require interpretation of a provision of the CBA."). Thus, "[a] state law claim is not preempted under § 301 unless it necessarily requires the court to interpret an existing provision of a CBA that can reasonably be said to be relevant to the resolution of the dispute." Cramer, 255 F.3d at 693.

With the foregoing principles in mind, the Court proceeds to evaluate whether any of the claims here are preempted by section 301.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O'   JS-6 |
|---|---|---|---|
| Case No. | 2:17-cv-02984-CAS (AFMx) | Date | August 21, 2017 |
| Title | SMITH-EMERY COMPANY ET AL. V. INTERNATIONAL UNION OF OPERATING ENGINEERS, LOCAL UNION NO. 12 ET AL. | | |

**B.     SEC's First Claim for Fraud Against Local 12**

In its May 16, 2016 order remanding this action, the Court previously concluded that the intentional misrepresentation claim against Local 12 "*as currently pled in the operative complaint* does not require interpretation of any labor agreement, [and] § 301 of the LMRA does not completely preempt that claim." Prior Dkt. 42 at 9 (citing Dall v. Albertson's, Inc., 234 F. App'x 446, 449 (9th Cir. 2007) ("Section 301 preemption is an exception to the well-pleaded complaint rule only where *the face of the complaint shows a § 301 issue requiring interpretation of a CBA*.") (emphasis added)). The allegations underlying SEC's first claim against Local 12 do not appear to have materially changed. Compare FAC with SAC (adding allegations that do not appear to be relevant here, such as the allegation that Billy instructed Babel to audit "[t]esting activities on hospital construction which [SEC] inspectors cannot legally perform," SAC ¶ 14(g)). Nor does Local 12 present any argument distinguishing the operative allegations from those underlying the FAC.[6] Accordingly, there does not appear to be any basis for revisiting the Court's prior ruling that the first claim is not preempted by section 301. The reasoning in the Court's May 16, 2016 order applies with equal force here. For the reasons previously stated, the first claim for relief is not preempted by section 301 because it will not necessarily require an interpretation of the CBA between Local 12 and SEC.

---

[6] Instead, Local 12 argues that the Court must look to the original complaint filed on July 10, 2015 in case number 2:15-cv-6367-CAS-AFM rather than the SAC in determining whether the fraud claim is preempted under section 301. " '[I]n determining the existence of removal jurisdiction, based upon a federal question, the court must look to the complaint *as of the time the removal petition was filed. . . .*' " Kobold v. Good Samaritan Reg'l Med. Ctr., 832 F.3d 1024, 1045–46 (9th Cir. 2016) (quoting Abada v. Charles Schwab & Co., 300 F.3d 1112, 1117 (9th Cir. 2002)). In this case, however, the SAC was the complaint on file at the time the second removal petition was filed on April 20, 2017. Dkt. 1. Accordingly, the SAC is the operative complaint for the purpose of determining whether SEC's claims are preempted under section 301.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O'  JS-6 |
|---|---|---|---|
| Case No. | 2:17-cv-02984-CAS (AFMx) | Date | August 21, 2017 |
| Title | SMITH-EMERY COMPANY ET AL. V. INTERNATIONAL UNION OF OPERATING ENGINEERS, LOCAL UNION NO. 12 ET AL. | | |

### C. SEC's Second Claim for Intentional Interference with Prospective Economic Advantage Against Local 12

Local 12 does not argue that the second claim for relief is preempted by section 301. However, a single completely preempted claim is sufficient to support federal jurisdiction over this suit. See Montefiore Med. Ctr. v. Teamsters Local 272, 642 F.3d 321, 331 n. 11 (2d Cir. 2011) (noting that "a single preempted claim . . . establish[es] a basis for the exercise of federal subject matter jurisdiction"). The Court may, but need not, exercise supplemental jurisdiction over any remaining, non-completely preempted state law claims. 28 U.S.C. § 1367(a); Montefiore, 642 F.3d at 332. Thus, the Court proceeds to evaluate SEC's second claim for relief.

SEC's second claim is not preempted by section 301. SEC's second claim is for intentional interference with prospective economic advantage. It is predicated upon Local 12's alleged effort to prevent J.H. Snyder Company from working with SEC. Under the first inquiry, it is clear that SEC's second claim arises under state law, not a CBA. Under the second inquiry, there does not appear to be any reason the second claim for relief would require an interpretation of the CBA between Local 12 and SEC. SEC's second claim appears to be based upon SEC's allegation that Local 12 picketed J.H. Snyder claiming that SEC had "no Union contract." SAC ¶ 21. Rather than require an interpretation of the CBA, SEC's second claim appears to allege that Local 12 interfered with SEC's prospective economic relationship by claiming that there was no relevant CBA governing work at J.H. Snyder. Thus, SEC's second claim for relief is not preempted by section 301.

### D. SEC's Third Claim for Intentional Interference with Contract by Local 12 and Trustees

In its third claim, SEC alleges that Local 12 and Trustees interfered with SEC's contract with Greenland USA by providing a memorandum to Greenland USA which falsely stated that SEC was delinquent in its contributions to the Trusts. SAC ¶¶ 34-35. Because the right being asserted by SEC arises under California law rather than a CBA, the Court proceeds to consider whether the claim is substantially dependent upon analysis of a CBA. See Burnside, 491 F.3d at 1060.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O'  JS-6 |
|---|---|---|---|
| Case No. | 2:17-cv-02984-CAS (AFMx) | Date | August 21, 2017 |
| Title | SMITH-EMERY COMPANY ET AL. V. INTERNATIONAL UNION OF OPERATING ENGINEERS, LOCAL UNION NO. 12 ET AL. | | |

Trustees argue that this claim is preempted by section 301 because the CBA between Local 12 and SEC governs whether SEC was delinquent in its payments. Thus, according to Trustees, any determination of SEC's third claim will require the Court to interpret the CBA. The Court disagrees. Even if, as Trustees contend, SEC's trust payments are governed by the CBA, the need to *interpret* the CBA does not "inhere in the nature of the plaintiff's claim." Cramer, 255 F.3d at 691. At most, Trustees direct the Court to a risk that the Court will "look to" the CBA, Burnside, 491 F.3d at 1060, or "consult[]" the CBA, Livadas, 512 U.S. at 124, to determine whether defendants' representations to Greenland USA were false. Additionally, Trustees' argument appears to be that defendants will present a defense against this claim based upon the CBA. See Savage v. Pac. Gas & Elec. Co., 26 Cal. Rptr. 2d 305, 314-15 (1993) ("justification" or "truth" must be pleaded as an affirmative defense to international interference). However, "reliance on the CBA as an aspect of a defense is not enough to 'inject[ ] a federal question into an action that asserts what is plainly a state-law claim.'" Burnside, 491 F.3d at 1060 (quoting Caterpillar, 482 U.S. at 398-99).

Based upon the pleadings, there does not appear to be any reason SEC's claim would "necessarily" require the Court to interpret the CBA. Cramer, 255 F.3d at 693. SEC's third claim is not preempted by section 301.

**E.   SEL's Claim for Intentional Interference with Prospective Business Advantage by Trustees**

Trustees argue that the fourth claim for relief is preempted by section 301 because it "involves the Trusts' ability to enforce its rights under a collective bargaining agreement against Smith-Emery Company to collect a delinquency . . . ." Trustees Motion at 6. Trustees are incorrect.

As an initial matter, the right asserted by SEL arises out of state law and does not derive from a CBA. SEL alleges that it is not a party to any CBA. SEL's claim is predicated upon Trustees' attempts to collect a judgment against SEC issued by this Court on August 30, 2013.

Proceeding to the second inquiry, Trustees do not explain why SEL's claim will require an interpretation of the CBA. SEL alleges that Trustees actions wrongfully

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | | | | |
|---|---|---|---|---|
| | **CIVIL MINUTES – GENERAL** | | 'O' | JS-6 |
| Case No. | 2:17-cv-02984-CAS (AFMx) | Date | August 21, 2017 | |
| Title | SMITH-EMERY COMPANY ET AL. V. INTERNATIONAL UNION OF OPERATING ENGINEERS, LOCAL UNION NO. 12 ET AL. | | | |

interfered with its prospective relationship with LAUSD. As explained in the Writ of Attachment, which is attached as an exhibit to the SAC, whatever rights Trustees had to collect a judgment against SEC by seeking a deposit from LAUSD, the parties' respective rights in relation to the judgment are governed by state and federal law, not a CBA. See SAC Ex. G. Thus, at present, there does not appear to be any reason SEL's claim would require an interpretation of the CBA and this claim is not preempted by section 301.

Having determined that none of plaintiffs' claims in this action is preempted by Section 301—and because there is no alternative basis for this court to exercise jurisdiction—the Court concludes that this matter is appropriately remanded to state court for further proceedings. In remanding the action, the Court does not consider whether a settlement reached in the 2009 Action has collateral estoppel effect on plaintiff's claims, nor does the Court here consider whether the operative SAC sufficiently states a claim, nor does the Court reach the merits of any of defendants' other arguments in favor of dismissal.

## V. CONCLUSION

In accordance with the foregoing, the Court **REMANDS** this action to the Los Angeles County Superior Court.

IT IS SO ORDERED.

| | 00 | 00 |
|---|---|---|
| Initials of Preparer | CMJ | |